UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FITZGERALD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARCUS POLLARD; Lieutenant C. MOORE; Sargeant H. CRUZ; Officer JACKSON; Officer LITTLE; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.:  20cv848-JM (NLS)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**<br><br>**[ECF No. 33]** |

Before the Court is Defendants' motion to bifurcate discovery. ECF No. 33. Plaintiff filed an opposition, and Defendants filed a reply. ECF Nos. 37, 38. After due consideration and for the reasons set forth below, the Court **GRANTS IN PART** the motion to bifurcate discovery.

## I.  BACKGROUND

Plaintiff Rhonda Fitzgerald ("Fitzgerald") brings this putative class action on behalf of herself and others similarly situated, alleging violations of 42 U.S.C. § 1983 against Defendants along with state law claims. ECF No. 1. Plaintiff alleges that she was subjected to a strip search at the Richard Donovan Correctional Facility ("RJD") when she went there to visit her friend, inmate Christopher Roberts ("Roberts"). *Id.* at ¶

1  13. Plaintiff alleges that she was not screened upon arrival but was told by Defendant
2  Officer Little that she would not be permitted to see Roberts without submitting to a strip
3  search. *Id.* at ¶ 14. Plaintiff alleges that she was told that the search was random, and
4  that Defendant Warden Pollard requested it. *Id.* at 17. Prior to the search, Plaintiff
5  alleges that Officer Little produced a Notice of Request to Search form, which Plaintiff
6  signed but alleges that no supervisor signed until after the search. *Id.* at ¶¶ 22-23.

Defendant Officers Jackson and Little conducted the search, which included asking Plaintiff to remove all her clothing and submit to a body cavity search as well. *Id. at ¶¶* 24-27. Plaintiff alleges that she was not told and not aware that it would include a body cavity search. *Id.* at ¶¶ 18-21.

Plaintiff alleges that she believes the strip search she was subjected to was common practice. *Id.* at ¶ 13. Thus, she brings a class action consisting of "visitors to the Richard J. Donovan Correctional Facility in the CLASS PERIOD who were required to submit to an unclothed search as a condition to visiting an inmate and whose Notice of Request for Search form states no specific objective facts and rational inferences establishing individualized reasonable suspicion to believe that the person targeted for the search had an intention of smuggling contraband into the Prison." *Id.* at ¶ 38. Plaintiff alleges that Defendants violated her Fourth Amendment Rights in searching her without reasonable suspicion and for failure to train and supervise, and state law claims for intentional infliction of emotional distress and negligence.

The Court held an early neutral evaluation conference, where the case did not settle, and issued a Scheduling Order after holding a case management conference. ECF Nos. 25-26, 31-32. Defendants now bring this motion to bifurcate discovery related to the claims of the individual named plaintiff, Fitzgerald, from the remainder of class claims.

## II.  DISCUSSION

"The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." *McEwan v. OSP Grp., L.P.*, No. 14-CV-

2823-BEN (WVG), 2016 WL 1241530, at *2 (S.D. Cal. Mar. 30, 2016) (citing *True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015)); *see also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted … lies within the sound discretion of the trial court.'") (quotation omitted).  Courts may consider the following factors in deciding whether to bifurcate: "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc.*, 2015 WL 273188, at *1.

  Defendants argue that bifurcation is appropriate here because they intend to bring an early motion for summary judgment to ask the court to adjudicate the issue of whether there was reasonable, individualized suspicion to search Ms. Fitzgerald.  ECF No. 33 at 2.  In support of this, Defendants submit several confidential memoranda and other evidence that they argue they relied upon to find reasonable suspicion to conduct the search in accordance with their guidelines and procedures.  *Id.* at 8-10.  If their motion is granted, Defendants argue that the class claims would also fail.  *Id.* at 7.  Thus, Defendants contend that judicial economy and cost savings would be achieved in not having to engage in class discovery until a ruling on the motion for summary judgment.

  Plaintiff objects to the request to bifurcate.  ECF No. 37.  First, they argue that Defendants' evidence does not establish reasonable suspicion to search Ms. Fitzgerald. *Id.* at 5-8.  Second, they argue that the factors do not favor bifurcation.  *Id.* at 9-11.  Finally, they argue that even if Ms. Fitzgerald were deemed to not be an adequate class representative, they would seek leave to substitute another class representative.  *Id.* at 12-13.

  As a preliminary matter, the Court notes that it will not address any merits of the contention of whether the evidence submitted by Defendants would establish reasonable

suspicion to search Ms. Fitzgerald or the issue of whether Ms. Fitzgerald is an appropriate class representative.  However, the evidence and Defendant's intention to bring an early summary judgment on that issue does affect the procedural posture of the case and how the case will proceed going forward as a class action.  Defendants state that they are ready to file the motion imminently.  ECF No. 33 at 2 (stating that they intend to file the motion by May 14, 2021).  Thus, the Court finds that there will be some judicial economy to be achieved if the initial discovery was limited to Plaintiff's claims before delving into the class claims.

      The Court will **GRANT IN PART** this motion, and **limit** initial discovery to only that discovery related to Ms. Fitzgerald's individual claims **until July 30, 2021**, after which discovery will be open to all class claims.  There may be some overlap between individual discovery and class discovery here as Plaintiff points out (for example, as to Defendants' practices and policies), but as long as the discovery pertains to Plaintiff's claims, Plaintiff would not be precluded from seeking that discovery initially.  Moreover, contrary to what the parties state in their motion, there is a scheduling order in place.  ECF No. 32.  This temporary stay on class-wide discovery does not affect the close of fact discovery as set in the scheduling order, nor does it effect the class certification date at this time.[1]  Thus, the factors related to prejudice and early class certification are not affected.

//
//
//
//
//
//

---

[1] Fact Discovery is currently set to close on December 31, 2021 and the deadline to file a motion for class certification is February 11, 2022.  ECF No. 32.

### III.  Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** the motion to bifurcate discovery.  Discovery will be limited to only discovery related to Ms. Fitzgerald's individual claims **until July 30, 2021**, after which discovery will be open to all class claims.  In addition, Defendants must file their motion for summary judgment by no later than **June 1, 2021**.

**IT IS SO ORDERED.**

Dated:  May 25, 2021

Hon. Nita L. Stormes
United States Magistrate Judge