UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FITZGERALD, an individual, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS POLLARD et al.,<br><br>Defendants. | Case No.:  20cv848 JM(SBC)<br><br>**ORDER ON MOTION TO SEAL** |

Presently before the court is Plaintiff Rhonda Fitzgerald's Application for Leave to Conditionally File Documents Under Seal in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 117), filed in connection with her Motion for Summary Judgment (Doc. No. 116).  For the reasons set forth below, Plaintiff's motion is **denied without prejudice**.

**Legal Standard**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted).  "The presumption of access is 'based on the need for federal courts, although

independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC.,* 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana,* 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety,* 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1097-99. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon,* 435 U.S. at 599.

## Analysis

"Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Wasito v. City of San Diego,* No. 19-CV-2395 JLS (JLB), 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). Here, rather than narrowly tailor her request, Plaintiff has sought to seal 13 documents, including 12 exhibits totaling 112 pages simply because Defendants have designated them as "CONFIDENTIAL - FOR COUNSEL ONLY." This is not sufficient to justify sealing. Once protected discovery documents are made part of a dispositive motion, "they lose their status of being raw fruits of discovery," and "no longer enjoy protected status 'without some overriding interests in favor of keeping the discovery documents under seal." *Foltz,* 331 F.3d at 1136.

Moreover, Plaintiff has failed to sufficiently tie their stated reason for sealing to each of the twelve (12) individual exhibits. Based on the filing, the court is left attempting to decipher how the "CONFIDENTIAL – FOR COUNSEL ONLY" rationale applies to each

individual exhibit.  However, it is Plaintiff's responsibility to provide specific facts in support of their request to each exbibit.  The court declines to take on this responsibility. *See Mendell v. Am. Med. Response, Inc.,* No. 10-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb 3, 2021) ("At a minimum, the party moving to seal multiple documents 'must demonstrate specific prejudice or harm flowing from the disclosure of [each] specific document.") (quoting *Al Otro Lado, Inc. v. McAleenan,* No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019)).

It is also clear to the court, by Plaintiff's counsel's own admission, *see* Doc. No. 117 at 2[1], that the parties did not meaningfully meet and confer prior to filing the motion to seal.

In light of the foregoing, Plaintiff's Application for Leave to Conditionally File Documents Under Seal in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 117) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may re-apply for a sealing order on or before January 23, 2024.  Should Plaintiff elect to do so, she is directed to meet and confer with Defendants and agree on the narrowest possible sealing order.

The renewed motion must include, for each item sought to be sealed, in a table format: (1) the docket number of the provisionally sealed version of the document; (2) the declaration and exhibit number; (3) the name of the document; (4) the specific portion(s) of the document sought to be filed under seal, identified by page and line numbers where possible; and (5) the reasons for seeking sealing of the material.  The reasons provided must be specific and tailored to the portion(s) of the documents sought to be sealed. Plaintiff should also file, concurrent with the renewed motion, all necessary declarations

///

///

---

[1] Plaintiff states in her motion: "[c]ounsel for Plaintiff attempted to meet and confer with counsel for Defendants on this issue, but counsel for Defendants did not respond."  Doc. No. 117 at 2.  No further details are provided.

3

20cv848 JM(SBC)

1  establishing that the information sought to be sealed is sealable.

2  IT IS SO ORDERED.

3  Dated: January 17, 2024

_____
Hon. Jeffrey T. Miller
United States District Judge