UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FITZGERALD, an individual, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, et al.,<br><br>Defendants. | Case No.: 20cv848 JM(SBC)<br><br>**ORDER ON DEFENDANTS' APPLICATION FOR LEAVE TO FILE A MOTIN TO DECERTIFY THE CLASS** |

Presently before the court is Defendants' Application for Leave to File a Motion to Decertify the Class (Doc. No. 120).

I. **Relevant Procedural History**

After holding oral argument on October 17, 2022, this court issued an Order on November 3, 2022 certifying the following class:

> Those visitors, from May 5, 2018 to the present, to the Richard J. Donovan Correctional Facility who were required to submit to an unclothed search as a condition to visiting an inmate and were so searched in the absence of individualized reasonable suspicion to believe that the visitor intended to smuggle contraband into the Prison, as evidenced by a failure to provide the basis for the search on a Form 888 – Notice of Request For Search.

Doc. No. 82 at 5.

On November 17, 2022, Defendants filed a Motion for Reconsideration of Order on Motion for Class Certification. (Doc. No. 85.) After the motion was fully briefed, this court took the motion under submission, without oral argument, in accordance with Civil

1 | Local Rule 7.1(d)(1).  The court found Defendants' arguments surrounding the modified
2 | class definition baseless and their assertions related to how this court "erred in certifying
3 | the class under Rule 23 as simply rehashing "arguments already made, although now
4 | rewritten as though the Court was the opposing party and its Order the brief to be opposed."
5 | *Strobel v. Morgan Stanley Dean Witter,* No. 04CV1069 BEN(BLM), 2007 WL 1053454,
6 | at *3 (S.D. Cal. Apr. 10, 2007).  Doc. No. 91 at 10.  Accordingly, Defendants' Motion for
7 | Reconsideration of Order on Motion for Class Certification was denied. *Id.* at 13.

On March 30, 2023, the Ninth Circuit Court of Appeals, in its discretion, denied Defendants' petition for permission to appeal this court's November 3, 2022 order granting class action certification.  (Doc. No. 97.)

Subsequently, on May 17, 2023, Magistrate Judge Stormes issued a Scheduling Order (Doc. No. 103) relating to discovery and pretrial proceedings which states: "all other pretrial motions must be filed by January 15, 2024."  Doc. No. 103 at 2.

On January 15, 2024, Plaintiff filed a Motion for Partial Summary Judgment.  (Doc. No. 116.)

On January 23, 2024, Defendants filed an Application for Leave to File a Motion to Decertify the Class (Doc. No. 120) and Plaintiff duly opposed (Doc. No. 128).

## Discussion

Scheduling orders are entered by district courts to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions.  Fed. R, Civ. P. 16(b)(3).  A Scheduling order is intended to "control[] the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Its purpose is to alleviate case management problems.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992).  Thus, good cause must be shown by counsel for modification of a scheduling order.  Fed. R. Civ. P. 16(b)(4).  As the Ninth Circuit has explained:

> Rule 16b's "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a

> finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson,* 975 F.2d at 609 (internal quotation marks and citation omitted). District courts have broad discretion in managing their dockets and enforcing their scheduling orders. *See id.* at 609-10.

Defendants filed their Application eight (8) days after the dispositive motion cutoff, and over eighteen (18) months after the initial briefing on class certification occurred. Defendants assert: (1) Defense counsel was cognizant of the scheduling order's pretrial motion deadline of January 15, 2024 but assumed that deadline applied to dispositive motions and discovery motions; (2) motions to decertify a class can be filed at any time; and (3) recently conducted discovery shows that the class should be decertified.

Defendants' position that motions regarding class certification are not considered pretrial motions is unsupported. Indeed, the Ninth Circuit has held a party can properly file a motion to deny class certification "before the close of discovery and *before* the pretrial motion deadline." *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 944 (9th Cir. 2009) (emphasis added), Indeed, the court notes a motion for class certification may even be dispositive where "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter, or where the grant of class status raises the cost and stakes of the litigation so substantially that a rational defendant would feel irresistible pressure to settle." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000); *see also, e.g., Bennett v. N. Am. Bancard, LLC*, No. 17-CV-00586 AJB-KSC, 2022 WL 17972168, at *1 (S.D. Cal. Feb. 15, 2022) (finding class certification motion to be dispositive where denial would wound "death knell" of litigation as plaintiffs only alleged *de minimis* individual damages).

Regardless, Defense Counsel declares that "had he realized that the scheduling order's deadline applied to a decertification motion, [he] would have requested a one-week

extension of time to file the motion." Doc. No. 120 at ¶ 3. Further, Defense Counsel attests:

> he believed that a decertification motion could be filed after the January 15, 2024 pretrial motion deadline. [He] was not disregarding the Court's scheduling order. [He] was operating under the belief that a decertification motion could be filed any time up to before the entry of judgment in this case. Nonetheless, [he] did work to have this Motion filed as soon as possible.

*Id.* ¶ 4.

Taking these circumstances into account, the court gives Defense Counsel the benefit of the doubt on the matter and finds that his delay was not, arguably, unreasonable per se. Thus, the requisite good cause standard for Rule 16 has been demonstrated and the Motion for Decertification will be entertained.

This conclusion is buttressed by Fed. R. Civ. P. 23(c)(1)(C) which provides that a motion to decertify must be made "before final judgment." Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). *See also Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S. F.*, 688 F.2d 615, 633 (9th Cir. 1982) ("before entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."). "District courts have broad discretion to control the class certification process." *Vinole,* 571 F.3d at 942. Thus, district courts retain "the flexibility to address problems with a certified class as they arise, including the ability to decertify. 'Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.'" *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Consequently, "[a] district court may decertify a class at any time." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) (citing Falcon, 457 U.S. at 160). Here, the newly discovered evidence cited by Defense Counsel may have consequential ramifications for the certified class. Accordingly, in light of the flexibility and freedom

the court has in the class certification area, it exercises its discretion and **GRANTS** Defendants' Application for Leave to File a Motion to Decertify the Class.

## Conclusion

In accordance with the foregoing, the court **GRANTS** Defendants' Application for Leave to File a Motion to Decertify the Class (Doc. No. 120) and **ORDERS** as follows:

1. Defendants have up to an including *February 14, 2024*, to file their Motion to Decertify the Class,
2. Plaintiff has up to and including *February 28, 2024*, to file an opposition, and
3. Defendants have up to and including *March 6, 2024*, to file a reply.

The matter will then be taken under submission and a written order will issue in due course.

**IT IS SO ORDERED**.

Dated: February 12, 2024

_____
Hon. Jeffrey T. Miller
United States District Judge