SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone:  (909) 398-4404
Facsimile:   (909) 398-1883
mskapik@skapiklaw.com
gskapik@skapiklaw.com
bberkley@skapiklaw.com
mfalkenstein@skapiklaw.com

Attorneys for Plaintiffs
RHONDA R. FITZGERALD
and CLASS MEMBERS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA R. FITZGERALD, an individual, and on behalf of all persons similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MARCUS POLLARD, an individual; Lieutenant C. MOORE, an individual; Sergeant H. CRUZ, an individual; Officer JACKSON, an individual; Officer LITTLE, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 3:20-cv-00848-JM-(MSB)<br><br>Hon. Jeffrey T. Miller<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>　Date:　　　October 7, 2024<br>　Time:　　　10:00 a.m.<br>　Location:　Courtroom 15B<br><br>[Declaration of Geralyn Skapik; and [Proposed] Order Granting Final Approval are filed and served concurrently herewith. The Declaration of Class Administrator, Simpluris, will be filed under Separate Cover.] |

///

///

///

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 7, 2024, at 10:00 a.m., before the Honorable Jeffrey T. Miller, in Courtroom 15B of the United States District Court for the Southern District of California, 333 West Broadway, San Diego, California 92101, the Parties, by and through their attorney of record, will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), and 23(g), for an Order as follows:

(1) Granting Final Approval of the Settlement reached as being fundamentally fair, reasonable and adequate, and in the best interest of the Settlement Class Members;

(2) Granting Class Counsel's application for attorneys' fee and costs as provided in the Class Action Settlement Agreement and Release ("Agreement");

(3) Granting the named Plaintiff, as the class representative, an incentive award as provided in the Agreement;

(4) Granting the Settlement Administrator, Simpluris, their requested fees and costs as so stated in the Declaration of the Settlement Administrator filed separately in this matter and as so provided in the Agreement;

(5) Enter an Order extending the Claims filing deadline to October 7, 2024, the date of the hearing on the Final Approval Motion, and ordering the Class Administrator to accept all claims that are post marked on or before October 7, 2024, and to make Class distribution based upon Claim Forms received on or before October 7, 2024;

(6) Enter an Order granting the Final Approval of the Class Action Settlement and Judgment, as provided under the Agreement and enter an order dismissing the Action with prejudice and releasing the Released Claims against the Released Parties;

(7) Entering any other ruling upon other matters as the Court may deem just and appropriate; and

(8) Approving the disbursement of Gross Settlement Funds to the Class Members, Class Representative and Class Counsel as so provided in the Agreement.

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This motion is based on the Class Action Settlement Agreement and Release, ("Agreement") (ECF Dkt. # 156, Exhibit A) and exhibits thereto (filed herewith); Plaintiff's accompanying Motion for Attorney's Fees and Cost; the accompanying [Proposed] Final Approval Order (filed herewith); the declarations of Geralyn L. Skapik, and Simpluris which will be filed under separate cover; the Court's file in this action; and any additional evidence or argument that the Court may request.

SKAPIK LAW GROUP

Dated: September 23, 2024    By:    /s/ Geralyn L. Skapik
                                    Geralyn L. Skapik
                                    Mark J. Skapik
                                    Attorneys for Plaintiff
                                    RHONDA R. FITZGERALD
                                    and CLASS MEMBERS

                                    ROB BONTA
                                    Attorney General of
                                    California
                                    DAMON MCCLAIN
                                    Supervising Deputy Attorney
                                    General
                                    TERRENCE F. SHEEHY
                                    Deputy Attorney General

                            By:    /s/ Terrence F. Sheehy
                                    TERRENCE F. SHEEHY
                                    Deputy Attorney General
                                    *Attorneys for Defendants C. Moore, M. Pollard, A. Jackson, C. Mann-Little and H. Cruz*

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... v

I.    INTRODUCTION ................................................................................... 1

II.   THE SETTLEMENT ............................................................................... 1

III.  THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL ..................... 2

      A. STANDARDS FOR FINAL APPROVAL ............................................... 2

      B. THE SETTLEMENT RECOVERY FALLS WITHIN THE RANGE OF
         POSSIBLE APPROVAL ................................................................... 4

            1. THE STRENGTH OF PLAINTIFF'S CASE AND RISK, EXPENSE,
               COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION ........ 5

            2. THE AMOUNT OFFERED IN SETTLEMENT ................................... 6

            3. THE EXTENT OF DISCOVERY COMPLETED AND STAGE
               OF THE PROCEEDINGS ......................................................... 7

            4. THE EXPERIENCE AND VIEWS OF COUNSEL .............................. 8

            5. RISK OF MAINTAINING CLASS ACTION STATUS THROUGHOUT TRIAL ...... 8

            6. PRESENCE OF A GOVERNMENTAL PARTICIPANT ......................... 9

            7. CLASS MEMBER PARTICIPATION FAVORS APPROVAL ................... 9

IV.   THE *BLUETOOTH* FACTORS ............................................................... 10

V.    CLASS REPRESENTATIVE SERVICE AWARD ........................................... 11

VI.   CONCLUSIONS .................................................................................. 13

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

# TABLE OF AUTHORITIES

## Federal Rules

Federal Rules of Civil Procedure

Rule 23(a) ...........................................................................................................ii

Rule 23(b)(3) ......................................................................................................ii

Rule 23(e)(2)........................................................................................................1

Rule 23(g) ...........................................................................................................ii

## Federal Cases

*Churchill Vill., L.L.C. v. GE*

    361 F.3d 566 (9th Cir. 2004) .................................................................4

*Class Plaintiffs v. City of Seattle*

    955 F.2d 1268 (9th Cir. 1992) ...............................................................3

*Cotter v. Lyft Inc.*

    176 F.Supp.3d 930 (N.D. Cal. 2016)......................................................3

*Frieri v. Sysco Corp.*

    Case No. 16-cv-1432 JLS (NLS), 2019 WL 6467599 (S.D. Cal. 2019).............12

*Hanlon v. Chrysler Corp.*

    150 F.3d 1011 (9th Cir. 1998) ...........................................................3, 4

*Harbour v. California Health & Wellness Plan*

    Case No. 5:21-cv-03322-EJD, 2024 WL 171192 (N.D. Cal. Jan. 16, 2024)......12

*Harris v. Vector Mktg. Corp.*

    Case No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)........11

*In re Bluetooth Headset Products Liability Litigation*

    654 F.3d 935, 947 (9th Cir. 2011) ..................................................10, 11

*In re Omnivision Techs.*

    559 F.Supp.2d 1036 (N.D. Cal. 2007)....................................................4

*In re Online DVD-Rental Antitrust Litigation*

    779 F.3d 934 (9th Cir. 2015) ...............................................................12

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*
    229 F.Supp.3d 1052 (N.D. Cal. 2017)........................................................ 8

*J.L. v. Cuccinelli*
    Case No. 18-cv-4914-NC, 2019 WL 6911973 (N.D. Cal. Dec. 18, 2019) ........... 9

*Knapp v. Art.com, Inc.*
    283 F.Supp.3d 823 (N.D. Cal. 2017)......................................................5, 8

*Lira, et al. v. Doña Ana County Board of Supervisors*
    Case No. 1:06-cv-00179 (D. New Mexico, March 2006)................................. 7

*Marsial Lopez, et al. v. County of Kern, et al.*
    Case No. CF-F-07-0474-DLB, 2011 WL 882598 (9th Cir., March 1, 2011) ....... 7

*Martin v. Ameripride Servcs.*
    Case No. 08-cv-440-MMA (JMA), 2011 WL 2313604 (S.D. Cal. Jun. 9, 2011). 4

*Nakisha Boone v. City of Philadelphia*
    Case No. 2:05-cv-01851-MAM, 2009 WL 3260237 (E.D. PA June 1, 2009)...... 7

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*
    221 F.R.D. 523 (C.D. Cal. 2004)..............................................................*passim.*

*Radcliffe v. Experian Info. Solutions*
    714 F.3d 1157 (9th Cir. 2013) ................................................................ 12

*Rodriguez v. W. Pub'g Corp.*
    563 F.3d 948 (9th Cir. 2009) .............................................................5, 12

*Sigma Beta Xi, Inc. v. County of Riverside*
    Case No. EDCV 18-1399 JGB (JEMx), 2019 WL 5151970 (C.D. Cal. Aug. 26, 2019) .......................................................................................................... 9

*Stanton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) .............................................................11, 12

*Torrisi v. Tuscon Elec. Power Co.*
    8 F.3d 1370 (9th Cir. 1993) ...................................................................... 5

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*Ziegler v. GW Pharmaceuticals, PLC*

  Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532................................*passim.*

### Secondary Sources

Newberg on Class Actions

  § 11.25 .....................................................................................................3

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## I. INTRODUCTION

On June 17, 2024, this Court entered an Order preliminarily approving this Class Action Settlement. Dkt. # 159. This Settlement should now receive the Court's final approval because it is demonstrably "fair, reasonable and adequate" under Federal Rule of Civil Procedure 23(e)(2).

This motion is brought by Plaintiff Rhonda Fitzgerald ("Plaintiff") to seek Final Approval of a Class Action Settlement for Plaintiff and all Class Members who were subjected to partial or fully unclothed searches at the Richard J. Donovan Correctional Facility during the Class Period, which is May 5, 2018, to November 3, 2022[1]. This class action was originally filed on May 5, 2020, by Ms. Rhonda Fitzgerald for being forced to undergo a fully unclothed strip search, as a condition to visit an inmate at the Richard. J. Donovan Correctional Facility ("Donovan Facility"). See, ECF Dkt. # 1. On November 3, 2022, the Court certified the Class that Plaintiff sought to represent. See, ECF Dkt. # 82. After litigating this matter for approximately 4 years, which entailed significant law and motion practice and discovery, the parties attended a second settlement conference before the Honorable Michael S. Berg, United States Magistrate Judge on April 19, 2024. See, ECF Dkt. # 145. After intensive negotiations, the parties were finally able to resolve this matter at the settlement conference and now bring the instant motion for the Court to approve the class-wide settlement.

## II. THE SETTLEMENT

Under the terms of the Settlement, Defendants will cause $3,500,000.00 (the "Gross Settlement Amount") to be paid into a Qualified Settlement Fund to be maintained by Simpluris, the Settlement Administrator. Simpluris received the Gross Settlement Amount on August 26, 2024.  Declaration of Geralyn L. Skapik ("Skapik Decl.") ¶14 and **Exhibit 3**. Class Counsel believes that this immediate cash recovery provides a substantial benefit to the Class Members and thus warrants final approval.

---

[1] Unless otherwise noted, all capitalized terms within this motion take on the same definition as they have within the Settlement Agreement (See, ECF Dkt. # 156, Exhibit A, PageID. 10112).

The Court approved Notice of Proposed Class Action Settlement (the "Notice") and Proof of Claim and Release Form ("Proof of Claim") printed in English and Spanish has been mailed to all Class Members by the Class Settlement Administrator, Simpluris. Skapik Decl., ¶ 7. The Notice and Proof of Claim Form was mailed to the address of each Class Member as identified in Defendants' records. Skapik Decl., ¶ 7. After mailing the Notice and Proof of Claim form, Class Counsel spent significant time contacting Class Members via telephone, to aid with the claims process, communicating with the Class Members in order to explain the Settlement terms, the Proof of Claim Form and Release process, the request for attorneys' fees and expenses, and the Class Representative incentive award. Skapik Decl., ¶¶ 10-11.

Additionally, a copy of the Notice, Proof of Claim and Release Form ("Proof of Claim"), and the Class Action Settlement Agreement and Release (Settlement Agreement) was posted in English and Spanish on a website[2] maintained by the Settlement Administrator, Simpluris. Skapik Decl., ¶ 8. A copy of the Notice, and Proof of Claim and Release Form are attached as **Exhibit 2** to the Skapik Declaration. Skapik Decl., ¶ 9. It should be noted that the Proof of Claim form attached as **Exhibit 2** to the Skapik Declaration is the generic form. Skapik Decl., ¶ 9. Each Class Member was mailed a form particularized to that specific Class Member and which identified the number of Notice of Request 888 Form(s) identifying that Class Member obtained from Defendants' records. Skapik Decl., ¶ 9.

## III.    THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL

### A.    Standards for Final Approval

The three-step process for approval of a class action settlement is: (1) preliminary approval; (2) dissemination of notice to the class; and (3) a settlement approval hearing where class members may be heard regarding the fairness, adequacy, and reasonableness of the settlement. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*

---

[2] See also: www.RJDSTRIPSEARCH-CLAIM.COM.

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

221 F.R.D. 523, 525 (C.D. Cal. 2004). This procedure serves the dual function of safeguarding class members' procedural due process rights and enabling the court to fulfill its role as the guardian of the class members' interests. *See Newberg on Class Actions* § 11.25. "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (citations omitted). As such, Plaintiff respectfully requests that the Court take the final step in the process and grant final approval of the Settlement.

"At the final approval stage, it is well-established that the Court must balance the following non-exhaustive factors to evaluate the fairness of the proposed settlement: 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Cotter v. Lyft Inc.*, 176 F.Supp.3d 930, 935 (N.D. Cal. 2016) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations omitted) (overruled on other grounds)).

The Preliminary Approval Motion applied these same factors to this Settlement. See generally, ECF Dkt. # 156. In granting preliminary approval, the Court examined the above factors and found that all factors were adequately addressed.  In particular, the Court found that the negotiations in this case did occur at arm's length; that there was "extensive" discovery completed; that the adequacy of relief provided to the Class weighs in favor of settlement, that Plaintiff's Class Counsel are experienced attorneys in complex litigation, including class and federal civil rights, the presence of the government participant, that the monetary relief will provide meaningful and direct recovery to  class members, and the monetary amount secured weighs in favor of settlement. See, ECF Dkt. # 159, pp. 8-13. The Court concluded that the provisions of

the Class Action Settlement Agreement and Release was fair, just, reasonable and adequate for purposes of preliminary approval. See, ECF Dkt. # 159, PageID.10284.

The Court set September 14, 2024, as the deadline to file a claim form or object to the Settlement, unless the Class Member to whom the Notice is resent after having been returned undeliverable and was afforded an additional fourteen (14) calendar days or until September 29, 2024, to file a claim or object.

As of the filing of this motion, no class member has filed an objection to the settlement. Skapik Decl., ¶ 29. The lack of objections supports the presumption the Settlement is fair, adequate, and reasonable. See, Skapik Decl., ¶ 29. See, *e.g.*, *Martin v. Ameripride Servcs.*, 2011 U.S. Dist. LEXIS 61796 at *21 (S.D. Cal. June 9, 2011); *In re: Omnivision Techs.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2007) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.").

Moreover, nothing has occurred since the Court ordered preliminary approval of the Settlement to negate the presumption of fairness. With the Class's favorable reaction to the Settlement, Class Counsel remains convinced the Settlement is in the Class's best interests. See, Skapik Decl., ¶ 30.

**B.    The Settlement Recovery Falls Within the Range of Possible Approval**

As addressed in Plaintiff's Preliminary Approval motion, the Settlement here fares well in light of the applicable factors used in evaluating class-action settlements for final approval. These factors include: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (overruled on other grounds)). The factors are non-exclusive and not all need to be shown. *Id.* at 576 n.7. In fact, "one factor alone may prove determinative in

finding sufficient grounds for court approval." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 525; *see, e.g.*, *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

Plaintiff examines each of the relevant factors appropriate for analysis at the final approval stage in turn below.

### 1. The Strength of Plaintiff's Case and Risk, Expense, Complexity, and Likely Duration of Further Litigation

"The first and second *Churchill* factors require courts to consider 'the strength of the [P]laintiffs' case on the merits balanced against the amount offered in the settlement' and the risks of further litigation." *Ziegler v. GW Pharmaceuticals, PLC*, Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532 at *4 (S.D. Cal. Apr. 3, 2024) (quoting *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. Jan. 5, 2024)). The Court's assessments of the likelihood of success are "nothing more than an amalgam of delicate balancing, gross approximations, and rough justice." *Rodriguez v. W. Pub'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlement by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id*. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Knapp v. Art.com, Inc.*, 283 F.Supp.3d 823, 832 (N.D. Cal. 2017) (citation omitted).

Here, while Plaintiff believes that her case is quite strong, she understands that Defendants have rigorously denied any wrongdoing and still dispute liability. Further, even should Plaintiff succeed on proving liability at trial, there is no guarantee that an award by a jury would be better for the class compared to the amount offered in the settlement.

1       Significant resources have already been spent in litigating this case due to its

2   complex nature and factual and legal issues; even more significant resources would be

3   required to take the case to trial. Again, "taking a case through to trial presents the very

4   real risk that the Settlement Class would have obtained recovery less than the Settlement

5   Amount or no recovery at all." *Ziegler v. GW Pharmaceuticals, PLC*, Case No. 21-cv-

6   1019-BAS-MSB, 2024 WL 1470532 at *4 (S.D. Cal. Apr. 3, 2024) (citations omitted).

7       As such, this factor weighs in favor of granting final approval of the Settlement.

8             **2.    The Amount Offered in Settlement**

9       "When considering the fairness and adequacy of the amount offered in settlement,

10  'it is the complete package taken as a whole, rather than the individual component parts,

11  that must be examined for overall fairness.'" *Ziegler v. GW Pharmaceuticals, PLC*,

12  Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532 at *4 (S.D. Cal. Apr. 3, 2024)

13  (quoting *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221

14  F.R.D. 523, 527 (C.D. Cal. Jan. 5, 2024)). "[I]t is well-settled law that a proposed

15  settlement may be acceptable even though it amounts to only a fraction of the potential

16  recovery that might be available to the class members at trial." *Nat'l Rural Telecomms.*,

17  221 F.R.D. at 527.

18      The amount of the settlement agreed to by the parties is $3,500,000.00. Skapik

19  Decl., ¶ 13. This amount is fair and reasonable under the circumstances of this case. The

20  payout to each class member will be based upon the number of alleged unconstitutional

21  searches they were subjected to and the intrusiveness of each search. Skapik Decl., ¶ 21.

22  The estimated pay-out ***per search*** is approximately $720.00 per partially unclothed

23  search and $3,600.00 per fully unclothed search. Skapik Decl., ¶ 21. At this time, the

24  settlement payout ranges between $720.00 for a Class Member who underwent 1

25  partially clothed search to $109,440.00 for a Class Member who underwent 25

26  unclothed searches and 9 searches where she had to expose an unclothed portion of her

27  body, with Class Members on average receiving $3,600.00. Skapik Decl., ¶ 21. Other

28  Courts have awarded similar damages per unconstitutional search in approving other

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

settlements. See: *Marsial Lopez, et al. v. County of Kern, et al.*, 2011 WL 882598 (9th Cir., March 1, 2011) (Members of group searches were awarded on average $200); *Nakisha Boone v. City of Philadelphia* 2009 WL 3260237 (E.D. PA June 1, 2009) (Individuals admitted for misdemeanors recovered between $1,000 and $3,000, while individuals who were arrested for more serious crimes recovered about $100 each); *Lira, et al. v. Doña Ana County Board of Supervisors* (CIV-06-0179 WPJ/WPL, District Court of New Mexico) (Class members received approximately $1,045.00 each).

The Settlement Agreement also provides that any monies not claimed will be redistributed on a pro-rata basis to all Class Members who properly and timely made claims for money damages under this Settlement and are Class Members. The Settlement Administrator will be responsible for calculating the amount to be redistributed to the Class Member See: Settlement Agreement. Dkt. # 156, PageID. 10121-10122. As such, this factor weighs in favor of approval of the settlement.

### 3. The Extent of Discovery Completed and Stage of the Proceedings

"Class settlements are presumed fair when they are reached 'following sufficient discovery and genuine arms-length negotiation.'" *Ziegler*, Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532 (S.D. Cal. Apr. 3, 2024) (quoting *Nat'l Rural Telecomms.*, 221 F.R.D. at 528. "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." *Nat'l Rural Telecomms*, 221 F.R.D. at 528 (citations omitted).

Here, this factor weighs heavily in favor of approving the settlement. The instant matter has been litigated for over four years as of the filing of this motion. Fact discovery is completed, and had the parties not settled at the settlement conference, trial was to begin in June 2024. Both parties have already brought summary judgment motions; Defendants was denied, and Plaintiff's was granted-in-part and denied-in-part. As such, discovery is complete and this litigation is in very late stages, and therefore this factor weighs quite heavily in favor of approval.

#### 4.    The Experience and Views of Counsel

"The Ninth Circuit recognizes that parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Knapp v. Art.com, Inc.*, 283 F.Supp.3d 823, 833 (citations omitted). "Thus, courts grant 'great weight . . . to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 229 F.Supp.3d 1052, 1067 (N.D. Cal. 2017) (quoting *Nat'l Rural Telecomm.*, 221 F.R.D. at 528).

On November 3, 2022, this Court appointed Skapik Law Group as Class Counsel. See, Skapik Decl., ¶ 32; see also, ECF Dkt. # 82. Class counsel has extensive experience litigating class action lawsuits and federal civil rights lawsuits. See, Skapik Decl., ¶¶ 31-34. Moreover, this Court also determined that Class Counsel was sufficiently experienced for purposes of preliminary approval. See, ECF Dkt. # 159. Class Counsel has continued to assist Class Members in this matter while final approval has been pending and has done nothing to diminish the significance of the matter. Skapik Decl., ¶¶ 10-11; 29-30. Further it is Class Counsel's position that this settlement was negotiated at arms-length after nearly four years of contested litigation, and is fair, reasonable, and in the best interests of the class. Skapik Decl., ¶¶ 13-30. As such, this factor weighs in favor of approving the settlement.

#### 5.    Risk of Maintaining Class Action Status Throughout Trial

"In considering [this] factor, the Court looks to the risk of maintaining class certification if the litigation were to proceed." *Ziegler v. GW Pharmaceuticals, PLC*, Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532 at *4 (S.D. Cal. Apr. 3, 2024).

Here, Defendants have already rigorously contested class certification by opposing Plaintiff's Motion for Class Certification, which was granted. See, ECF Dkt. # 82. Defendants subsequently filed a motion for decertification, which was denied. See, ECF Dkt. # 142. As discovery is completed in this matter, it is unlikely that any new

evidence would arise which would give Defendants new grounds by which to attempt decertification. The Class Members that responded to the notice each supported the allegations of this lawsuit. Of course, should the case go to trial, it is always possible that evidence could arise that might threaten the class action status. As such, this factor weighs in favor of approval or, at worst, is neutral.

### 6. Presence of a Governmental Participant

The presence of a governmental participant in the class action settlement generally weighs in favor of approving the settlement. See, *Sigma Beta Xi, Inc. v. County of Riverside*, Case No. EDCV 18-1399 JGB (JEMx), 2019 WL 5151970 at *8 (C.D. Cal. Aug. 26, 2019); *J.L. v. Cuccinelli*, Case No. 18-cv-04914-NC, 2019 WL 6911973 at *3 (N.D. Cal. Dec. 18, 2019).

Here, the Defendants in this matter are various agents of the State of California and its corrections department. As such, this factor weighs in favor of approval.

### 7. Class Member Participation Favors Approval

In total there are 313 Class Members. Skapik Decl., ¶ 12. The claims process included the successful mailing of the Notice and Claim Form to 296 of the Class Members (17 Notice Packets have been deemed undeliverable). Skapik Decl., ¶ 12. Once this was achieved, and it was determined that class participation was slow, Class Counsel obtained Class Members' contact information and set out on a call campaign to ensure that Class Members had no concerns or questions. Skapik Decl., ¶¶ 10-11. Simpluris' also responded to numerous Class Member calls during the claims period. Plaintiff's counsels' call campaign uncovered that a number of Class Members misplaced their claim form or were elderly and had no assistance in getting the form back to Simpluris. Plaintiff's counsel assisted in directing Class Members to the website to obtain a new Claim Form and assisted those who were elderly and needed assistance by mailing to them the Claim Form and a stamped envelopes addressed to Simpluris, so they could easily mail the Claim Form back to the Claims Administrator. Skapik Decl., ¶¶ 10-11.

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

As of the drafting of this motion, Simpluris received 64 claim forms.  Plaintiffs'
counsel has been able to contact an additional 68 Class Members who will be
submitting Claim Forms, though they will be deemed late, and we would request the
Court to accept the late filed claims.  Plaintiff's counsel will continue to call Class
Members until the hearing on Final Approval and provide an update at the time of the
hearing.  However, based upon the current numbers, approximately 45% of the Class
(132 of 298) have participated in the Settlement. These Settlement Class Members will
receive an average payment of $3,600.00, with the highest payment being $109.440.00.
Skapik Decl., ¶12.

Moreover, there was not a single objection to the Settlement filed or served on the
administrator or Class Counsel. Skapik Decl., ¶ 29. This information supports the
Class's acceptance of the Settlement as one which is fair, adequate and reasonable and
consistent with this Court's finding, i.e., that the provisions of the Settlement "are fair,
just, reasonable, and adequate[.]" See, ECF Dkt. # 159, 19:21. As such, this factor
weighs heavily in favor of granting final approval.

## IV.    THE *BLUETOOTH* FACTORS

When evaluating a class action settlement, the Court must determine whether the
settlement was the result of good faith, arms-length negotiations and not of fraud and
collusion. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 947 (9th
Cir. 2011). The Court "must be particularly vigilant not only for explicit collusion, but
also for more subtle signs that class counsel has allowed pursuit of their own self-
interests and that of certain class members to infect the negotiations." *Id*. (citation
omitted). The Ninth Circuit has identified three such signs: (1) when counsel receive a
disproportionate distribution of the settlement, or when the class receives no monetary
distribution but class counsel is amply rewarded; (2) when the parties negotiate a "clear
sailing" arrangement providing for the payment of attorneys' fees separate and apart
from class funds, which carries the potential of enabling a defendant to pay class
counsel excessive fees and costs in exchange for counsel accepting an unfair settlement

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

on behalf of the class; and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund. *In re Bluetooth*, 654 F.3d at 947. See also, *Ziegler v. GW Pharmaceuticals, PLC*, Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532 at *6 (S.D. Cal. Apr. 3, 2024).

Regarding the first factor, the Court should compare both the actual and expected payout to the class and to class counsel's claim for fees. The gross settlement amount is $3,500,000.00, and Class Counsel seeks $1,400,000.00 in attorneys' fees plus reimbursement of costs and expenses in the amount of approximately $36,256.82. Skapik Decl., ¶¶ 24-26; 28 and **Exhibits 4, 5, and 7**. The fees represent 40 percent of the Settlement amount. Given the specialized nature of this action, the fact that Class Counsel took this case on contingency, the fact that litigation resulting in the settlement took nearly four years, the thousands of attorney hours expended during this litigation, the significant law and motion practice and discovery conducted, and the impressive total amount of the settlement, the amount of fees requested by Class Counsel should not raise any concerns regarding collusion. *See*, *Ziegler v. GW Pharmaceuticals, PLC*, Case No. 21-cv-1019-BAS-MSB, 2024 WL 1470532 at *6 (S.D. Cal. Apr. 3, 2024); *In re Bluetooth*, 654 F.3d at 942.

Further, the Court addressed any "clear-sailing" provision issues in its order granting preliminary approval. See, ECF Dkt. # 159. Additionally, the Settlement Agreement is non-reversionary, so the third *Bluetooth* factor does not come into play. All of the settlement funds will be distributed to authorized class members. As such, the Court should conclude that the settlement in this matter did not result from, nor was it influenced by collusion.

V.    **CLASS REPRESENTATIVE SERVICE AWARD**

"[T]he Ninth Circuit has recognized that service awards to named Plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable." *Harris v. Vector Mktg. Corp.*, Case No. C-08-5198 EMC, 2011 WL 1627973 at *8 (N.D. Cal. Apr. 29, 2011) (citing *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir.

2003); *Rodriguez*, 563 F.3d at 958-69). "Service awards are 'intended to compensate class representatives for work undertaken on behalf of a class,' and 'are fairly typical in class action cases.'" *Harbour v. California Health & Wellness Plan*, Case No. 5:21-cv-03322-EJD, 2024 WL 171192 at *9 (N.D. Cal. Jan. 16, 2024) (quoting *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 943 (9th Cir. 2015) (internal quotations omitted)). The district court must evaluate a named plaintiff's requested award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing litigation." *Stanton*, 327 F.3d at 977. "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-959. There is an emphasis in the Ninth Circuit that district courts must "scrutinize[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 714 F.3d 1157, 1163 (9th Cir. 2013).

Where, as here, there is a "general release by a class representative," that broader release "is often coupled with an incentive payment in class action settlements." See, *Frieri v. Sysco Corp.*, Case No. 16-cv-1432 JLS (NLS), 2019 WL 6467599 at *8 (S.D. Cal. 2019).

Here, Class Counsel is requesting a service award of $25,000.00 for Plaintiff Rhonda Fitzgerald. This award is reasonable after considering Ms. Fitzgerald's efforts in this case. Ms. Fitzgerald sat for a deposition, attended multiple settlement conferences, responded to discovery, submitted multiple declarations to Class Counsel in support of or in opposition to various motions, attended court hearings and drove from Hesperia to San Diego for a court proceeding. Skapik Decl., ¶ 35. Ms. Fitzgerald was the only named plaintiff in this action and the only class representative; therefore, all of the responsibility of representing the class fell on her. As such, it is respectfully

requested that the Court award Ms. Fitzgerald $25,000.00 as a service award for her contribution to the class. Also see the Declaration of Rhonda Fitzgerald filed on May 31, 2024, Dkt. # 154-2.

## VI.    CONCLUSIONS

For the foregoing reasons, the Parties respectfully request that the Court grant the following relief:

(1) Grant Final Approval of the Settlement reached as it is fundamentally fair, reasonable and adequate, and in the best interest of the Settlement Class Members;

(2) Grant Class Counsel's application for attorneys' fee in the amount of $1,400,000.00 and costs in the amount of $36,256.82 as so provided in the Class Action Settlement Agreement and Release ("Agreement");

(3) Grant the named Plaintiff, as the class representative, an incentive award in the amount of $25,000.00, as so provided in the Agreement;

(4) Grant the Settlement Administrator, Simpluris, their requested fees and costs as so stated in the Declaration of the Settlement Administrator filed separately in this matter and as so provided in the Agreement;

(5) Enter an Order extending the Claims filing deadline to October 7, 2024, the date of the hearing on the Final Approval Motion, and ordering the Class Administrator to accept all claims that are post marked on or before October 7, 2024, and to make Class distribution based upon Claim Forms received on or before October 7, 2024;

(6) Enter an Order granting the Final Approval of the Class Action Settlement and Judgment, as so provided under the Agreement and enter an order dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

(7) Approve the disbursement of Gross Settlement Funds to the Class Members, Class Representative, Class Counsel and the Settlement Administrator as so provided in the Agreement.

SKAPIK LAW GROUP

Dated: September 23, 2024,          By:     */s/ Geralyn L. Skapik*
Geralyn L. Skapik
Mark J. Skapik
Blair J. Berkley
Attorneys for Plaintiffs
RHONDA R. FITZGERALD
and CLASS MEMBERS

Dated: September 23, 2024                    ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General
TERRENCE F. SHEEHY
Deputy Attorney General

By:     */s/ Terrence F. Sheehy*
TERRENCE F. SHEEHY
Deputy Attorney General
*Attorneys for Defendants C. Moore, M. Pollard, A. Jackson, C. Mann-Little and H. Cruz*

## SIGNATURE CERTIFICATION

I hereby certify under § 2(f) of the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual that the content of this document is acceptable to all persons required to sign the document, and I have obtained authorization for the electronic signatures of all parties on the document.

*/s/ Geralyn L. Skapik*
Geralyn L. Skapik

JOINT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT